IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SYSTEM PLANNING CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-678 C |
| v. | ) | (Judge Hewitt) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. Defendant lacks information sufficient to form a belief as to the allegations contained in paragraph 1 of the complaint.

2. Defendant admits that it executed basic contract number F19628-92-D-0011 ("basic contract") with plaintiff, System Planning Corporation ("SPC"), but denies that the Government failed to perform its obligations under the contract.

3. The allegations contained in paragraph 3 of the complaint constitute plaintiff's conclusions of law and characterization of the case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

4. Admits that the United States and SPC entered into basic contract number F19628-92-D-0011 with an effective date of March 11, 1993. Admit the remainder of the allegations contained in paragraph 4 to the extent supported by the contract cited which is the best evidence of its contents, otherwise denies the remainder of the allegations contained in paragraph 4 of the complaint.

5. Defendant admits the allegations in paragraph 5 of the complaint to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the

allegations contained in paragraph 5.

6. Defendant admits that SPC installed security system software and hardware at Eglin Air Force Base in Florida for testing, and installed security system software and hardware to operate at Minot Air Force Base in North Dakota and also at Kirtland Air Force Base in New Mexico. Defendant further states that this work was not implemented directly through the basic Indefinite Delivery/Indefinite Quantity contract, but was required by individual delivery orders authorized by the basic contract. Defendant lacks information sufficient to form a belief as to the allegation that any part of the software or hardware installed by SPC was licensed.

7. Defendant admits the allegations in paragraph 7 of the complaint to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Defendant admits the allegations in paragraph 8 of the complaint to the extent supported by the contract and amendments cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 8. Defendant specifically denies that it exercised any option or incurred the negotiated fee of $7,029,870. Defendant lacks information sufficient to form a belief as to the allegation that any part of the software or hardware installed by SPC was licensed.

9. Defendant admits that there was a status and planning meeting on or about April 4, 2000, at which Air Force Colonel Douglas Ebner discussed the Government's intentions concerning the LINX Livemap system. Defendant lacks information sufficient to form a belief as to the remaining allegations contained in paragraph 9 of the complaint.

10. The allegations contained in paragraph 10 of the complaint constitute plaintiff's

conclusions of law and characterization of the case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

11. Defendant admits the allegations in paragraph 11 of the complaint to the extent supported by the electronic communication cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12. Defendant lacks information sufficient to form a belief as to the allegations contained in paragraph 12 of the complaint.

13. Defendant admits the allegations in paragraph 13 of the complaint to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 13.

14. Defendant admits the allegations in paragraph 14 of the complaint to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 14.

15. The allegations contained in paragraph 15 of the complaint constitute plaintiff's conclusions of law and characterization of the case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

16. Defendant admits the allegations in paragraph 16 of the complaint to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 16.

17. Defendant admits the allegations in paragraph 17 of the complaint to the extent supported by the letter and invoice cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 17.

18. Defendant admits the allegations in paragraph 18 of the complaint to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 18.

19. Defendant admits the allegations in paragraph 19 of the complaint to the extent supported by the claim cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 19. Defendant specifically denies that it is liable to the Plaintiff in any amount.

20. Denied.

21. Defendant admits that it extended the time period in which to issue a Contracting Officer's Final Decision, but denies that no decision was ever prepared.

22. Defendant admits that SPC filed a Freedom of Information Act request on October 19, 2000. The remainder of the allegations contained in paragraph 22 of the complaint constitute plaintiff's conclusions of law and characterization of the case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

23. Defendant admits the allegations in paragraph 23 of the complaint to the extent they are supported by the letters cited, which are the best evidence of their contents; otherwise denies the allegations in paragraph 23.

24. Defendant admits that it produced documents responsive to SPC's FOIA request. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 24.

25. Defendant re-alleges and incorporates herein by reference its responses to paragraphs 1-24.

26. The allegations contained in paragraph 26 of the complaint constitute plaintiff's conclusions of law and characterization of the case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

27. The allegations contained in paragraph 27 of the complaint constitute plaintiff's conclusions of law and characterization of the case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

28. The allegations contained in paragraph 28 of the complaint constitute plaintiff's conclusions of law and characterization of the case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

29. The allegations contained in paragraph 29 of the complaint constitute plaintiff's conclusions of law and characterization of the case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

30. The allegations contained in paragraph 30 constitute plaintiff's legal conclusion and prayer for relief to which no response is required at this time; to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that plaintiff is entitled to the relief claimed or to any relief whatsoever.

31. Defendant re-alleges and incorporates herein by reference its responses to paragraphs 1-30.

32. The allegations contained in paragraph 32 of the complaint constitute plaintiff's conclusions of law and characterization of the case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

33. The allegations contained in paragraph 33 of the complaint constitute plaintiff's

conclusions of law and characterization of the case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

34. The allegations contained in paragraph 34 of the complaint constitute plaintiff's conclusions of law and characterization of the case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

35. Defendant admits the allegations in paragraph 35 of the complaint to the extent supported by the contract provision cited which is the best evidence of its contents; otherwise denies the allegations.

36. The allegations contained in paragraph 36 of the complaint constitute plaintiff's conclusions of law and characterization of the case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

37. The allegations contained in paragraph 37 constitute plaintiff's legal conclusion and prayer for relief to which no response is required at this time; to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that plaintiff is entitled to the relief claimed or to any relief whatsoever.

38. Defendant re-alleges and incorporates herein by reference its responses to paragraphs 1-37.

39. The allegations contained in paragraph 39 of the complaint constitute plaintiff's conclusions of law and characterization of the case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

40. Defendant admits that it received hardware and software from SPC, but denies that it received software development tools.

41. Defendant admits the allegations in paragraph 41 of the complaint to the extent supported by the contract provision cited which is the best evidence of its contents; otherwise denies the allegations.

42. The allegations contained in paragraph 42 of the complaint constitute plaintiff's conclusions of law and characterization of the case to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it made any impermissible use of the AECS software, software development tools, or hardware supplied by SPC.

43. The allegations contained in paragraph 43 of the complaint constitute plaintiff's conclusions of law and characterization of the case to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that it misappropriated any software, software development tools, hardware or other proprietary rights from SPC.

44. The allegations contained in paragraph 44 constitute plaintiff's legal conclusion and prayer for relief to which no response is required at this time; to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies that plaintiff is entitled to the relief claimed or to any relief whatsoever.

45. Defendant denies that plaintiff is entitled to the relief requested in paragraphs a through d or to any relief whatsoever.

46. Defendant denies that plaintiff is entitled to the relief requested in paragraphs i through vi or to any relief whatsoever.

47. Defendant denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant respectfully requests that the Court dismiss the complaint, and that defendant be granted such other and further relief as the Court may deem just and proper.

AFFIRMATIVE DEFENSES

48. Plaintiff's claims are barred by the applicable statute of limitations. There is a 6-year statute of limitations for government contracts and this contract was signed by the parties on March 11, 1993.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/
MARK A. MELNICK
Assistant Director

/s/ Joan M. Stentiford
JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0341
Fax: (202) 514-8624

January 18, 2008

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this __18th__ day of January 2008, I caused to be delivered copies of the foregoing "DEFENDANT'S ANSWER", was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

___/s/ Joan M. Stentiford_____
JOAN M. STENTIFORD