IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SYSTEM PLANNING CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-678 C |
| v. | ) | (Judge Hewitt) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT PRELIMINARY STATUS REPORT

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims, the parties, by their representative attorneys, respectfully submit this Joint Preliminary Status Report:

**a. Does the Court have jurisdiction over the action?**

The Plaintiff states that the Court has jurisdiction to consider and decide this action pursuant to 28 U.S.C. 1491(a)(1). At this time, the United States is not aware of any reason why the Court would not possess jurisdiction.

**b. Should the case be consolidated with any other case?**

The parties agree that this case should not be consolidated with any other case.

**c. Should the trial of liability and damages be bifurcated?**

The parties do not believe that the trial should be bifurcated into liability and damages.

**d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?**

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

**e. Will a remand or suspension be sought?**

The parties do not believe that remand or suspension will be sought.

**f. Will additional parties be joined?**

The parties do not anticipate that additional parties will be joined.

**g. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56, and, if so, what is the proposed schedule for the intended filing?**

Neither the Plaintiff, nor the Defendant has, at this time, decided whether it will file a dispositive motion in this case.

**h. What are the relevant issues?**

<u>Plaintiff's Statement of Facts</u>

This case involves a contract for an Advanced Entry Control System ("AECS"). The Air Force contracted with Plaintiff, System Planning Corporation ("SPC"), to provide a system at select high security facilities to control the entry and exit of authorized personnel to local and remote secure areas and alert security monitors of attempted unauthorized entry. In accordance with the terms set forth in the AECS Contract and its implementation, SPC provided software and hardware for this security system to be installed and tested at Eglin Air Force Base in Florida and then installed and licensed to operate at Minot Air Force Base in North Dakota and at Kirtland Air Force Base in New Mexico. The contract provided the government the right to modify or adapt the AECS computer software, software development tools, and hardware and to install and/or operate the AECS software or proprietary hardware at installations that were not installed and licensed to operate by SPC, but only if the government paid SPC a negotiated fee of $7,039,870. The government informed SPC that it was modifying and/or adapting the AECS software installed at Minot, but refused to pay the negotiated fee. A decision on SPC's subsequent claim for the fee has not been issued. SPC alleges, upon information and belief, that in addition to the first changes made at Minot, that the computer software, software development

tools, and/or hardware supplied by SPC under the terms of the AECS Contract have been used, modified, and/or adapted by the government in other ways and/or at additional locations that were not permitted by the AECS Contract, absent payment of the negotiated fee. SPC also alleges that the government's actions created an implied contract pursuant to which the government became obligated in quantum meruit to pay SPC the value of the AECS software, software development tools, and hardware supplied by SPC.

**<u>Defendant's Statement of Facts</u>:**

This case involves a contract for an Advanced Entry Control System ("AECS"). Plaintiff, System Planning Corporation ("SPC"), was to provide the AECS using commercial, off-the-shelf ("COTS") equipment for the purpose of controlling entry, exit, and internal movement of personnel, material and vehicles using established entry control points, and within restricted areas at various United States Air Force installations. SPC alleges that the Government breached the contract by exercising an option but not tendering payment. The Government requested that certain minor adjustments to the software be made, and SPC contends that these adjustments constituted an exercise of a contract option to buy software and hardware data rights to commercial software and hardware provided by SPC's chief subcontractor, Mosler, Inc. SPC claims that the Government is obligated to pay it the negotiated price of the option, which was $7,039.870.

**<u>Joint Statement of Issues</u>:**

(1) Did the modifications requested by the Government constitute an exercise of the contract option contained at CLIN 0011 in the AECS contract?

(2) Did the Government use the software, software development tools, and/or hardware in a way not permitted by the terms of the AECS contract?

(3) Was the Government unjustly enriched by its use of the software, software development tools, and/or hardware provided by SPC?

**<u>Plaintiff's Statement of Issue:</u>**

(4) Did the Government breach the AECS contract by modifying the software, software development tools, and/or hardware supplied by SPC, without paying the contract option fee?

**<u>Defendant's Statement of Issue:</u>**

(5) Did the Government breach the AECS contract by requesting SPC's subcontractor to modify the software, software development tools, and/or hardware supplied by SPC, without paying the contract option fee?

**i. What is the likelihood of settlement?**

The parties have not engaged in settlement discussions at this point, and cannot comment on the likelihood of a settlement.

**j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling? What is the requested place of trial?**

If this case cannot be resolved through settlement or dispositive motions, the parties anticipate that they will proceed to trial. Neither party requests an expedited trial schedule. If a trial is required, the parties believe that it should be held at a location that is most convenient for the witnesses and the Court. The parties will work together to make a proposal to the Court as to what that location should be.

**k. Are there special issues regarding case management needs?**

The parties believe that a protective order is appropriate in this case owing to the fact that it involves proprietary information of SPC, and perhaps proprietary information of third parties, which should be protected from public disclosure.

**l. Is there any other information of which the Court should be aware of at this time?**

The parties are unaware of any other information of which the Court should be aware of at this time.

**m. Discovery plan**

(1) Discovery will be needed on the following subjects: allegations in the Complaint and defenses available to defendants.

(2) All fact discovery commenced in time to be completed by October 20, 2008.

(3) Maximum of 25 interrogatories by each party to any other party. - Responses due 30 days after service.

(4) Plaintiff requests a maximum of 15 depositions by each party, subject to requests for leave for additional depositions depending on the course of discovery. Defendant requests a maximum of 10 depositions by each party. Each deposition is limited to maximum of 8 hours.

(5) Reports from retained experts under Rule 26(a)(2) due:
i. from plaintiff by December 1, 2008.
ii. from defendant by January 15, 2009.
iii. from rebuttal experts by February16, 2009.

(6) All expert discovery commenced in time to be completed by March 16, 2009.

(7) The parties are under a continuing obligation under Rule 26(e) to update all discovery responses timely and in good faith. Discovery requests shall be supplemented and fully amended no later than 30 days before the end of discovery.

n. **Other Items**

(1) The parties do not request a conference with the Court before entry of the scheduling order.

(2) The parties propose reserving the setting of a pre-trial date until after the resolution of all dispositive motions. At that time, the parties shall contact the Court to schedule a pre-trial conference.

(3) All potentially dispositive motions should be filed on or before May 15, 2009.

(4) Final lists of witnesses and exhibits under Rule 26(a)(3) should be due, if necessary, no later than 30 days after resolution of all dispositive motions.

(5) Parties should have 30 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

(6) Time of trial shall be evaluated at the pre-trial conference.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ F. Whitten Peters
F. WHITTEN PETERS, Esq.
Williams & Connolly, LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone (202) 434-5000
Fax (202) 434-5029

Attorneys for Plaintiff
DATED: March 10, 2008

s/ Joan M. Stentiford
JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 616-0341
Fax: (202) 514-8624

Attorneys for Defendant