# In the United States Court of Federal Claims

No. 07-678 C

(E-Filed: July 30, 2008)

| | |
|---|---|
| SYSTEM PLANNING CORPORATION, | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

PROTECTIVE ORDER

Plaintiff System Planning Corporation and defendant, the United States (collectively, the parties) have stipulated to the entry of an order pursuant to Rule 26(c) of the Rules of the United States Court of Federal Claims (RCFC) for the purpose of protecting Protected Information as defined below. Further to that stipulation, the court issues this Protective Order.

The materials identified below shall only be disclosed and used by the parties upon the following terms and conditions:

1. "Protected Information" used in this Protective Order means information designated as such by the producing party or non-party which the party or non-party believes in good faith relates to, constitutes or reveals (1) material protected from disclosure under the Privacy Act, 5 U.S.C. § 552(a), (2) competitive information relating to costs, profits, or profit margins, (3) bid or costing information, (4) trade secrets or proprietary information, (5) confidential information about government security systems, (6) Department of Defense Unclassified Nuclear Information and Export Controlled or (7) information likely to harm the competitive position of the disclosing party, and may include information produced, filed or served by any party to this litigation, including, without limitation, information

contained in pleadings, motions, briefs, notices, discovery requests and responses, deposition testimony, or affidavits.

2. Protected Information shall be used by the parties solely for the purposes of this litigation and shall not be given, shown, made available, discussed, or otherwise communicated in any form except as provided in this Protective Order.

   (a) Except as provided in paragraphs 2(c) and (d), the only persons who may be given access to Protected Information are (i) attorneys and attorney support personnel (paralegals, etc.) who are in-house or outside counsel for a party, (ii) personnel employed by a party who are witnesses, potential witnesses, or need to see the documents for the purpose of assessing possible settlement of this action or assisting counsel for the purposes of conducting this litigation, and (iii) independent consultants and experts assisting counsel in connection with the litigation.

   (b) To be granted access to Protected Information, any person described in paragraphs 2(a)(ii) and 2(a)(iii) shall first read this Protective Order and sign an affirmation in the form of Attachment A that he or she has read the Protective Order and will not disclose any Protected Information to anyone not entitled to se that information under the terms of this Protective Order.

   (c) Paralegal, clerical, and administrative support personnel assisting any counsel who are covered by this Protective Order may be given access to Protected Information if such personnel have first been informed by such counsel of the obligations imposed by this Protective Order.

   (d) Personnel of the government organizations involved in this litigation and Department of Justice personnel are automatically subject to the terms of this Protective Order and are entitled to access to Protected Information if such personnel have first been informed by counsel of the obligations imposed by this Protective Order.

   (e) The court and court personnel are entitled to access to Protected Information without further action.

3. The parties will cooperate to submit Protected Information to the court in a manner that is reasonably calculated to protect truly sensitive information

without interfering with the proper conduct of court proceedings, hearings, and the trial of this action.

(a) The first page of each document containing Protected Information is to be clearly marked as follows:

**Protected Information to Be Disclosed Only in Accordance With United States Court of Federal Claims Protective Order**

(b) Any courtesy copies of Protected Information that are delivered to the court for use by the judge should be marked as such.

4. Any party may at any time object to another party's designation of particular information as protected. If the parties are unable to resolve the matter by agreement, counsel for the objecting party may submit the matter to the court for resolution. Until the court resolves the matter, the disputed information shall be treated as Protected Information.

5. Each person covered by this Protective Order shall take all necessary precautions to prevent disclosure of Protected Information, including but not limited to physically securing, safeguarding, and restricting access to the Protected Information.

6. Within thirty (30) days after the conclusion of this action (including any and all appeals and remands), counsel for each party shall (i) destroy all Protected Information and certify in writing to all parties that such destruction has occurred and/or (ii) return the Protected Information to the party and/or non-parties from whom Protected Information was received. Counsel may retain pleadings that contain Protected Information.

7. Any party or non-party that has designated its information as protected may at any time waive the protection of this Protective Order with respect to any and all such information by so advising counsel for all parties in writing, identifying with specificity the information to which this Protective Order shall no longer apply.

8. Nothing contained in this Protective Order shall preclude a party or non-party from seeking additional protection beyond that provided by this Protective Order for particularly confidential or sensitive information or

from seeking relief from this Protective Order through the filing of an appropriate motion with the court that sets forth the basis for the relief sought.

9. If a party determines that a previously produced document inadvertently was not identified as containing Protected Information, the producing party shall give notice in writing that the document is to be treated as protected, and thereafter the designated document shall be treated in accordance with this Protective Order.

10. Counsel for the parties shall promptly report any breach of the provisions fo this Protective Order to counsel for the opposing party. Upon discovery of any breach, plaintiff's or defendant's attorneys shall immediately take appropriate action to cure the violation and retrieve any Protected Information that may have been disclosed to persons not covered by this Protective Order. The parties shall reasonably cooperate in determining the reasons for any such breach.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge

ATTACHMENT A

CERTIFICATION OF COMPLIANCE WITH PROTECTIVE ORDER

I ________________________, certify my understanding that Protected Information is being provided to me pursuant to the restrictions of the Protective Order entered in System Planning Corp. v. United States, No. 07-678C, in the United States Court of Federal Claims. I solemnly swear or affirm that I have reviewed the attached copy of the Protective Order and that I will be bound by and comply with the terms of the Protective Order, including any amendments by the court. I understand that, except as otherwise provided in the Protective Order or otherwise ordered by the court, at the conclusion of this litigation, all Protected Information, and any copies thereof, including but not limited to notes, summaries, digests, and transcriptions of such information, shall be destroyed or returned to counsel for the party or non-party that produced the information in accordance with the Protective Order. I acknowledge that a violation of the terms of the Protective Order may result in the imposition of such sanctions as may be deemed appropriate by the court and in possible civil and criminal liability.

___________________________ ___________________
Signature Date Executed

___________________________
Print Name and Title