# In the United States Court of Federal Claims

No. 07-678 C

(E-Filed: October 6, 2010)

|  |  |  |
|---|---|---|
| SYSTEM PLANNING CORPORATION, | ) ) ) ) | 28 U.S.C. § 2501, the Six-Year Statute of Limitations Applicable to Tucker Act Claims, Does Not Apply to Claims Brought Pursuant to the Contract Disputes Act, 41 U.S.C. §§ 601-613 (2006) |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| THE UNITED STATES, | ) ) | |
| Defendant. | ) ) | |

F. Whitten Peters, Washington, DC, for plaintiff.

Michael P. Goodman, with whom were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Mark A. Melnick, Assistant Director, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, for defendant.

ORDER AND OPINION

HEWITT, Chief Judge

Before the court are System Planning Corporation's (plaintiff's or SPC's) Complaint (Complaint or Compl.) against the United States (defendant or United States), filed September 18, 2007; Defendant's Motion to Dismiss (defendant's Motion or Def.'s Mot.), filed July 1, 2010; Plaintiff's Opposition to Defendant's Motion to Dismiss (plaintiff's Response or Pl.'s Resp.), filed July 30, 2010; and Defendant's Reply in Support of the Motion to Dismiss (defendant's Reply or Def.'s Reply), filed August 16, 2010.

I.      Background

On March 11, 1993 SPC entered into Contract No. F19628-92-D-0011 with the United States Air Force (USAF) to design and provide a new security system capable of protecting USAF facilities. Compl. ¶ 4. An amendment to the contract provided that, in certain circumstances, the United States would pay SPC an additional negotiated fee. Compl. ¶ 8.

On September 8, 2000 SPC invoiced the United States for the additional negotiated fee of $7,039,870 that it contends is due on the contract as a result of the USAF's actions. Compl. ¶ 17. On October 9, 2000, after the USAF refused to pay the invoice, SPC submitted a certified claim to the Contracting Officer (CO) responsible for the contract. Compl. ¶ 19. On December 7, 2000 the CO informed SPC that she would issue a final decision by February 13, 2001. Compl. ¶ 21; Pl.'s Resp. 3. On March 2, 2001 she extended the due date for the decision to April 13, 2001. Compl. ¶ 21; Pl.'s Resp. 3. On September 18, 2007, after waiting nearly seven years for the CO to issue a final decision on the claim, SPC deemed its claim denied and filed this case. Pl.'s Resp. 4. The United States contends that SPC's Complaint must be dismissed in its entirety for failure to comply with the six-year statute of limitations in 28 U.S.C. § 2501 (2006). Def.'s Mot. 5. The court disagrees.

II.     Legal Standards

   A.   Contract Disputes Act Subject Matter Jurisdiction Generally

The burden of proof of establishing jurisdiction is borne by the plaintiff. McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936); Russell v. United States, 78 Fed. Cl. 281, 285 (2007). If the defendant challenges jurisdictional facts, the plaintiff must support them with "competent proof." McNutt, 298 U.S. at 189. The plaintiff bears the burden to show by a preponderance of the evidence that jurisdiction is proper. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). In deciding a motion to dismiss pursuant to RCFC 12(b)(1), "the court [is] obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor." Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995) (citing Scheuer v. Rhodes, 416 U.S. 232, 236-37 (1974)). Jurisdiction is a threshold matter, and a case can proceed no further if the court lacks jurisdiction to hear it. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998).

In the Tucker Act, Congress authorized the United States Court of Federal Claims (Court of Federal Claims) to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a)(1) (2006).  Plaintiff's claim is brought under the Contract Disputes Act (CDA), 41 U.S.C. §§ 601-613 (2006).

The CDA requires that "[a]ll claims by a contractor against the government relating to a contract shall be in writing and shall be submitted to the contracting officer for a decision."  41 U.S.C. § 605(a).  Jurisdiction is appropriate under the CDA when a contractor "submit[s] in writing to the contracting officer a clear and unequivocal statement that gives the contracting officer adequate notice of the basis and amount of the claim."  Contract Cleaning Maint., Inc. v. United States, 811 F.2d 586, 592 (Fed. Cir. 1987).

"[T]he CDA grants jurisdiction to the Court of Federal Claims . . . over a contractor's request for relief only when the appeal or action is based on a qualifying claim filed by the contractor and a final decision by the contracting officer."  Alliant Techsystems, Inc. v. United States, 178 F.3d 1260, 1264 (Fed. Cir. 1999) (citing Reflectone, Inc. v. Dalton, 60 F.3d 1572, 1575 (Fed. Cir. 1995) (en banc)).  The contracting officer shall issue a decision within sixty days of receipt of a certified claim over $100,000 or notify the contractor when a decision will be issued.  41 U.S.C. § 605(c)(2).  The decision shall be issued within a reasonable time.  41 U.S.C.§ 605(c)(3). "Any failure by the contracting officer to issue a decision on a contract claim within the period required will be deemed to be a decision by the contracting officer denying the claim and will authorize the commencement of the appeal or suit on the claim . . . ."  41 U.S.C. § 605(c)(5).  A contractor may file suit in this court in lieu of appealing the decision of the CO to an agency board.  41 U.S.C. § 609(a)(1).

      B.    Statute of Limitations

Section 2501 provides, "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues."  28 U.S.C. § 2501.  However, "the CDA explicitly states that all actions under the CDA shall be governed by the CDA's provisions."  LaCoste v. United States, 9 Cl. Ct. 313, 315 (1986); Pathman Constr. Co. v. United States (Pathman), 817 F.2d 1573, 1580 (Fed. Cir. 1987).  Therefore, if a contractor proceeds under the CDA, the six-year statute of limitations in 28 U.S.C. § 2501 does not apply.  Pathman, 817 F.2d at 1580 ("Once a contractor elects to proceed under the Disputes Act, the six-

year statute of limitations in 28 U.S.C. § 2501 is not applicable."); <u>Parsons Transp. Grp., Inc. v. United States</u> (<u>Parsons</u>), 84 Fed. Cl. 779, 781 (2008) ("Section 2501 limits the Court's jurisdiction under the Tucker Act . . . . But it does not apply to CDA suits."); <u>S & M Mgmt. Inc. v. United States</u> (<u>S & M</u>), 82 Fed. Cl. 240, 246 n.6 (2008) ("Because plaintiff filed its complaint pursuant to the 'deemed denial' provision . . . it has elected to proceed under the CDA and is not bound by the six-year limitations period in 28 U.S.C. § 2501."); <u>Salt River Pima-Maricopa Indian Cmty. v. United States</u> (<u>Salt River</u>), 86 Fed. Cl. 607, 612 (2009) ("[T]he general six-year statute of limitations also is inapplicable to the instant case . . . because the contractor has elected to proceed under the CDA.").

III.    Application of Legal Standards to This Case

    A.    Contract Disputes Act Subject Matter Jurisdiction Generally

On October 9, 2000 SPC submitted a certified claim to the CO alleging that the United States owes SPC the additional negotiated fee of $7,039,870 as a result of the USAF's actions. Compl. ¶ 19. SPC's submission was a clear and unequivocal statement that gave the CO adequate notice of the basis and amount of the claim. <u>Id.</u> By September 18, 2007, when SPC filed this suit, the CO had not yet issued a final decision. Compl. ¶ 21. The CO did not issue the decision within a reasonable time, therefore, SPC was authorized by 41 U.S.C. § 605(c)(5) and § 609(a)(1) to file this suit.

    B.    Statute of Limitations

The United States contends that this suit must be dismissed for failure to satisfy the six-year statute of limitations in 28 U.S.C. § 2501 because SPC filed suit on September 18, 2007, more than six years after its claim was "deemed denied." Def.'s Mot. 3-4, 9.

The United States relies on <u>Witherington Constr. Corp. v. United States</u> (<u>Witherington</u>), 45 Fed. Cl. 208, 212-13 (1999). In <u>Witherington</u>, this court stated, "in the case of a 'deemed denial' under 41 U.S.C. § 605(c), a plaintiff is bound by the Tucker Act's general six-year statute of limitations found at 28 U.S.C. § 2501." Def.'s Mot. 9 (quoting <u>Witherington</u>, 45 Fed. Cl. at 212-13, and citing <u>Turner Constr. Co. v. United States</u> (<u>Turner</u>), 9 Cl. Ct. 214, 216 (1985)). In <u>Turner</u>, the court noted that "[i]f 'deemed' decision contract claim suits are not covered by 41 U.S.C. § 609(a)(3), they must fall within the otherwise all-inclusive coverage of 28 U.S.C. § 2501." <u>Turner</u>, 9 Cl. Ct. at 216. According to the United States, "the most plausible reading of the CDA and 28 U.S.C. [§] 2501 together is that the CDA delays the accrual of claims subject to the generally applicable six-year statute of limitations rather than making that statute of limitations a nullity." Def.'s Mot. 10.

However, binding case law in the Federal Circuit is contrary to the contentions of the United States. Once a contractor elects to proceed under the CDA, the Tucker Act's six-year statute of limitations does not apply. The passage of time does not transform a claim brought pursuant to the "deemed denial" provision of the CDA into one covered by the Tucker Act's general six-year statute of limitations. The United States relies on Witherington and Turner to support its argument. However, both Turner– which pre-dates Pathman– and Witherington are contrary to the Federal Circuit's holding in Pathman and the more recent Parsons, S & M and Salt-River decisions of this court. Because plaintiff filed its complaint pursuant to the "deemed denial" provision, it has elected to proceed under the CDA and is not bound by the six-year limitations period in 28 U.S.C. § 2501.

IV.   Conclusion

For the foregoing reasons, defendant's Motion to Dismiss the Complaint is DENIED. The court's Scheduling Order of September 8, 2010 remains in effect.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Chief Judge
